The opinion of the Court was drawn up by
Appleton, C. J.
By R. S., c. 104, § 3, "when the parties agree that the value of the buildings and improvements on the land demanded, and the value of the land shall be ascertained by persons named on the record for that purpose, their estimate, as reported by them and recorded, shall be *338 equal in its effect to the verdict of a jury.” In pursuance of this section an estimate of the value of the buildings and improvements on the land demanded, and of the land was made, and the report of the persons appointed for that purpose was accepted, to the acceptance of which exceptions were alleged but subsequently overruled.
The presiding Judge allowed interest on the value of the land from the time the report was offered and accepted. If the value had been ascertained by a verdict, interest would have been allowed, notwithstanding exceptions might have been filed. Winthrop v. Curtis, 4 Maine, 297. Whatever might have been the law formerly, interest is now to be allowed upon the reports of referees, after their acceptance, by the special provisions of E. S., 1857, c. 77, § 29. The presiding Judge allowed interest from the acceptance of the report at Nisi Prius. This was in strict accordance with the statute. ' Exceptions overruled.
Cutting, Davis, Kent, Dickerson and Barrows, JJ., concurred.